FILED
 2010 May-27  PM 04:21
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HALL HOUSING INVESTMENTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.  10-S-01001-S |
| ARTHUR I. RADCLIFF, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

On May 5, 2010, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen days in which to file objections to the recommendations made by the magistrate judge.  No timely objections were filed by either party.  Defendant, however, did file an amended notice of removal and, five days late, objections.[1]

In his amended notice of removal, defendant attempts to predicate jurisdiction on additional federal statutes not invoked in the original notice of removal, specifically the Fair Debt Collection Practices Act (FDCPA) and 28 U.S.C. § 1337.[2] Under the FDCPA, a "debt collector" is a business with a principal purpose of

---

[1] *See* doc. nos. 5 and 9.

[2] The relevant part of this statute provides, "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: . . . ." 28 U.S.C. § 1337(a).

collecting debts, or an entity that regularly collects or attempts to collect debts owed or allegedly owed to another. Plaintiff is not a "debt collector" within the meaning of the FDCPA merely because it owns apartment complexes and collects rent from its tenants or initiates eviction proceedings. *See Cook v. Hamrick*, 278 F. Supp. 2d 1202 (D. Colo. 2003) (FDCPA claim by tenant against attorney hired by landlord to institute unlawful detainer proceedings dismissed for failure to state claim); *Alexander v. Omega Mgmt., Inc.*, 67 F. Supp. 2d 1052 (D. Minn. 1999) (property management company did not operate business with principal purpose of collection of debts and was not a "debt collector" within meaning of FDCPA; management company performed services unrelated to collecting debts, and less than three percent of its total operations were devoted to collection of assessments and past due accounts); *Aubert v. American Gen. Fin.*, 137 F.2d 976 (7th Cir. 1998) (creditors who collect debts in their own name are not "debt collectors" subject to FDCPA).

As for defendant's invocation of 28 U.S.C. § 1337, this statute is not a separate grant of jurisdiction; the litigant must rely on a substantive federal law. *See*, e.g., *Cooper v. Baldwin-Bellmore Fed. Sav. & Loan Ass'n*, 390 F.Supp. 874 (E.D.N.Y. 1975). As discussed above, defendant has no claim under the FDCPA. Nor has he grounded his complaint against plaintiff or the notice of removal on any other federal statute regulating commerce. Therefore, the amended notice of removal does not alter the conclusion of the court.

In his objections, defendant relies on the amended notice of removal and also attempts to argue the merits of his case.[3] The amended notice of removal, as discussed above, is insufficient to provide a basis for subject matter jurisdiction; thus, the court cannot reach the merits of the case. Therefore, defendant's objections fail to alter the conclusions of the court.

After careful consideration of the record in this case and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge, and it is, therefore, ORDERED, ADJUDGED and DECREED that this action is due to be, and it hereby is, REMANDED to the District Court of Jefferson County, Alabama, for lack of subject matter jurisdiction. It is further ORDERED, ADJUDGED and DECREED that defendant's request to proceed without prepayment of fees (doc. no. 2) is due to be, and it hereby is, DENIED. It is finally ORDERED, ADJUDGED and DECREED that defendant's "complaint" (doc. no. 3) is due to be, and it hereby is, DISMISSED WITHOUT PREJUDICE. The clerk is directed to close this file. Costs are taxed to defendant.

DONE and ORDERED this 27th day of May, 2010.

_____
United States District Judge

---

[3] Strangely, defendant also objects to the magistrate judge's finding that the Alabama Court of Civil Appeals issued an opinion in this case prior to defendant's attempt to remove it; yet, just such an opinion was included by defendant as an attachment to his original notice of removal. *See* doc. no. 1-2 at 34.